IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-HC-2137-D

| | | |
|---|---|---|
| EDDIE DEBERRY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TRACY JOHNS, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

Eddie Deberry ("Deberry" or "petitioner"), proceeding pro se, petitions the court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking credit against his federal sentence for time spent in custody from August 8, 1996, through July 31, 1997 [D.E. 1]. On April 27, 2011, respondent filed a motion to dismiss, or in the alternative, for summary judgment [D.E. 5], along with the declaration of Alan Ray ("Ray"), a Management Analyst at the Designation and Sentence Computation Center for the Bureau of Prisons ("BOP") [D.E. 6], Ex. 1 ("First Ray Decl."). Because respondent attached materials that are outside the scope of the pleadings, the court construes the motion as requesting summary judgment. See Fed. R. Civ. P. 12(d). Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Deberry about the motion, the consequences of failing to respond, and the response deadline [D.E. 7]. On June 10, 2011, Deberry responded in opposition [D.E. 10], and submitted the affidavit of attorney Maria T. Singleton ("Singleton") [D.E. 10], Ex. 1 ("Singleton Aff."). On November 7, 2011, the court directed respondent to file a reply addressing the issues raised in Deberry's opposition [D.E. 11]. On December 8, 2011, respondent filed a reply and a second declaration by Ray [D.E. 14–15].

The court already described the procedural history of Deberry's June 24, 1996 arrest by state

law enforcement and Deberry's subsequent entry into federal custody. The court will not repeat that history here. See [D.E. 11]. Briefly, Deberry seeks credit against his federal sentence for an almost year-long period of time (from August 8, 1996 through July 31, 1997) during which he was in the primary custody of the state, but held in a county jail on a federal writ of habeas corpus ad prosequendum. The BOP has not awarded Deberry credit for the period because it has interpreted the information it received from the state as the state having already credited this period of time to Deberry's state sentence. See [D.E. 14] 4–6; First Ray Decl. ¶¶ 13–15; Second Ray Decl. [D.E. 15] ¶¶ 5–12.

In considering the motion for summary judgment, the court views the evidence in the light most favorable to plaintiff and applies well-established principles under Rule 56 of the Federal Rules of Civil Procedure. See, e.g., Fed. R. Civ. P. 56; Scott v. Harris, 550 U.S. 372, 378 (2007); Celotex Corp. v. Catrett, 477 U.S. 317, 325–26 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–55 (1986); Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585–87 (1986). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Anderson, 477 U.S. at 247–48. The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp., 477 U.S. at 325. Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact for trial. See Matsushita, 475 U.S. at 587. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson, 477 U.S. at 249. In evaluating affidavits submitted in support of or in opposition to a motion for summary judgment, the court may reject inadmissible evidence (such as hearsay) described in such affidavits. See Fed. R.

2

Civ. P. 56(c); Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 962 (4th Cir. 1996).

The BOP may award credit towards a sentence of incarceration for time spent in pretrial detention as follows:

> (a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> **that has not been credited against another sentence.**

18 U.S.C. § 3585 (emphasis added). "Congress made clear [in § 3585(b)] that a defendant could not receive a double credit for his detention time." United States v. Wilson, 503 U.S. 329, 337 (1992).

A term of federal imprisonment commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). "A federal sentence does not commence until the Attorney General receives the defendant into [his] 'custody' for service of that sentence." United States v. Evans, 159 F.3d 908, 911 (4th Cir. 1998). "As between the state and federal sovereigns, primary jurisdiction over a person is generally determined by which one first obtains custody of, or arrests, the person." United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005); see Evans, 159 F.3d at 912. A "writ of habeas corpus ad prosequendum, issued to bring a prisoner to his own trial, works as a mere loan of the prisoner to federal authorities and does not effectuate

3

a change in custodian for purposes of the federal statute . . . ." United States v. Poole, 531 F.3d 263, 271 (4th Cir. 2008) (alterations omitted) (quotation omitted). "Principles of comity require that when the writ of habeas corpus *ad prosequendum* is satisfied, the receiving sovereign return the prisoner to the sending sovereign." Evans, 159 F.3d at 912.

Here, Deberry was in the primary legal[1] custody of the state during the period from August 8, 1996 through July 31, 1997. On August 2, 1996, the United States Marshal Service ("USMS") obtained physical custody of Deberry through a writ of habeas corpus ad prosequendum. First Ray Decl. ¶ 13 & Att. 3. By definition, the writ was needed because Deberry was in state custody. On July 31, 1997, the state informed the USMS that it had paroled Deberry, thus relinquishing the state's primary jurisdiction over him. Id. ¶ 15 & Att. 4. The question is whether the state applied the period of time from August 8, 1996 through July 31, 1997 against any state sentence. Moreover, Deberry has the burden to show that he is entitled to credit for time served in state jail or prison and that he did not receive such credit. See United States v. Harris, 876 F.2d 1502, 1506 (11th Cir. 1989).

In support of his position, Deberry has submitted an affidavit from attorney Singleton. Singleton Aff. Ultimately, Singleton concludes "that it is unclear whether Mr. Deberry might be entitled to jail credit from August 8, 1996 through July 31, 1997 . . . ." Id. ¶ 7.

In opposition, respondent has submitted a USMS document which contains a handwritten note, dated March 27, 1998, stating "Per Ray Cook, Program Spvr, Lincoln Facility, . . . Deberry . . . **received all appropriate credit on his state sent[ence]. His sentence continued to run while on federal writ.**" First Ray Decl., Att. 3 (emphasis added). In light of the burden of proof, Deberry

---

[1] The court declines to address Deberry's question concerning the legality of his June 24, 1996 arrest and detention by state authorities. Any question concerning the validity of any state criminal proceedings must first be presented to the state courts.

has failed to raise a genuine issue of material fact concerning whether the BOP properly determined that Deberry was not entitled to the credit, as it had already been applied to his state sentence. Accordingly, respondent is entitled to summary judgment. See Diaz v. Holinka, No. 10-cv-218-slc, 2010 WL 2403762, at *3–4 (W.D. Wis. June 10, 2010) (denying petition seeking prior custody credit where petitioner disputed BOP's determination that time was credited against a state sentence for a parole violation in reliance on "'uncertified'" state documents; "this fact alone does not help petitioner: to receive the relief he seeks from this court[, h]e needs to show that he was *not* credited for the time he served . . . , not that the [BOP] acted without solid evidence" (emphasis original)); Carter v. Holinka, No. 3:07-cv-00629-bbc, 2007 WL 5595942, at *1 (W.D. Wis. Dec. 19, 2007) (unpublished) (dismissing a petition seeking prior custody credit where "[p]etitioner's amended petition confirms that the time he spent in Kentucky county jail was not credited toward his current sentence, but he has still failed to show whether he received credit toward the sentence he was serving in Minnesota. Rather, the materials attached to his petition suggest strongly that he did receive such credit"); Carr v. LaManna, No. 6:06-1118, 2007 WL 675644, at *4 (D.S.C. Feb. 28, 2007) (unpublished) (granting summary judgment to respondent where, "[u]pon arrival in federal custody for service of the sentence, contact was made with the NCDOC to determine whether the petitioner received credit toward his state term for the time he was in federal custody pursuant to the writs *ad prosequendum*").

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of Deberry's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c).

For the reasons stated, the court GRANTS respondent's motion for summary judgment [D.E. 5] and DISMISSES petitioner's application for a writ of habeas corpus. The court DENIES a certificate of appealability and DIRECTS the Clerk of Court to close the case.

SO ORDERED. This 6 day of January 2012.

JAMES C. DEVER III
Chief United States District Judge